IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **GEORGIA STATE CONFERENCE OF THE NAACP, et al.,** | *<br>*<br>* |
| **Plaintiffs,** | *<br>* |
| v. | *     CA No. 1:17cv01427-TCB <br>*<br>* |
| **STATE OF GEORGIA and BRIAN KEMP, in his official capacity as Secretary of State for the State of Georgia,** | *<br>*<br>*<br>*<br>* |
| **Defendants.** | * |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF
PARTIAL MOTION TO DISMISS**

# I. Plaintiffs McKenzie, Orange, Snow, Arrey-Mbi, Anderson, and Jackson Lack Standing to Challenge H.B. 566.

Plaintiffs' response brief to Defendant's motion to dismiss addresses a standing argument that Defendant has never advanced; that Sec. 2 plaintiffs may not challenge a statewide redistricting plan once it is amended. Of course Plaintiffs can challenge the current statewide districts, but they haven't done so here. Plaintiffs confuse claims that may be asserted with those that are actually asserted in their Amended Complaint. Plaintiffs' Amended Complaint asserted that:

1

> H.B. 566 was enacted with a discriminatory purpose in violation of Section 2 of the Voting Rights Act and the Fourteenth and Fifteenth Amendment to the United States Constitution.

Doc. 20 at 35 (Count I).

> H.B. 566 violates the results prong of Section 2 of the Voting Rights Act.

Doc. 20 at 38 (Count II).[1]  Plaintiffs seek an Order from this Court which will:

> Declare that H.B. 566 violates Section 2 of the Voting Rights Act and the Fourteenth and Fifteenth Amendments to the United States Constitution.

Doc. 20 at 41, Prayer for Relief § B.  Additionally, Plaintiffs ask that the Court:

> Issue a permanent injunction enjoining Defendant, his agents, and successors in office, from enforcing or giving any effect to the boundaries of the House Districts in the Atlanta metropolitan area as drawn in H.B. 566., including an injunction barring Defendant from conducting any further elections in those districts for the Georgia General Assembly.

Doc. 20 at 41, Prayer for Relief § E.  Were this Court to enjoin further enforcement of H.B. 566 there would be *no change* to these Plaintiffs' house districts.

Despite the clear language in their Amended Complaint, Plaintiffs now argue that what they are really challenging is the statewide redistricting plan for Georgia's state house districts.  That plan was adopted in 2011 with slight

---

[1] Plaintiffs concede that Counts I and III of the Complaint are limited to House Districts 105 and 111 and that only Plaintiffs Thompson, Swanson, and Payton have standing to bring these claims.  Doc. 55 at 4 n. 1.

modifications in 2012.  With the exception of one paragraph claiming that "H.B. 566 has its genesis in the 2011 redistricting map," and a paragraph setting out that the 2011 plan was precleared with the Department of Justice, there is no mention of the 2011 redistricting legislation in the complaint.  Doc. 20 ¶¶ 7 and 58.  More importantly, even a cursory examination of the challenged 2015 legislation reveals that it does *not* include a statewide plan.  The 2015 legislation made changes to only 17 of the 180 state house districts.  *See* Doc. 47-2.

    Nor may Plaintiffs amend their complaint with new allegations in a brief.  New averments in a brief cannot cure a complaint's shortcomings.  *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (a plaintiff cannot amend a complaint through a brief); *Atkins v. McInteer*, 470 F.3d 1350, 1361-62 (11th Cir. 2006) (same); *Brannen v. United States*, 2011 U.S. Dist. LEXIS 155732, 16 (N.D. Ga. 2011) ("Plaintiffs cannot amend their Complaint through their brief in response to the motion to dismiss").  As the Seventh and Eighth Circuits have explained, "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.  To hold otherwise would mean that a party could unilaterally amend a complaint at will, even without filing an amendment, and simply by raising a point in a brief."  *Morgan Distrib. Co. v. Unidynamic*

*Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

Here, Plaintiffs challenged H.B. 566 in part as an intentionally discriminatory act and should therefore be limited to those districts actually included within H.B. 566.  Plaintiffs now claim in subsequent briefing that in reality they are challenging districts enacted in 2011 by arguing that they were part of an unnecessary redistricting in 2015.  They can't have it both ways.  Either they are challenging the 2011 legislation, or they are challenging those matters actually included in H.B. 566.  Plaintiffs McKenzie, Orange, Snow, Arrey-Mbi, Anderson, and Jackson do not reside within *any* of the districts that were modified by H.B. 566 and therefore lack standing to challenge that legislation.  Since all three counts of Plaintiffs' Amended Complaint are limited to challenges to H.B. 566, these Plaintiffs lack standing for *all* counts.

## II.  Plaintiffs' Intent Claim Should be Dismissed Absent Allegations of All Three *Gingles* Preconditions in House Districts 105 and 111.

Plaintiffs' intent claim is directed at House Districts 105 and 111.  Doc. 55 at 3 n. 1.  Plaintiffs contend that allegations of all three *Gingles* preconditions are not needed when the complaint includes allegations of discriminatory intent.  Doc. 55 at 8-11.  This Court has already held that the law in this circuit requires

allegations of all three *Gingles* preconditions. Doc. 28 at 22. This Court's holding is consistent with Eleventh Circuit precedent.

A violation of either Sec. 2 of the Voting Rights Act or the Fourteenth or Fifteenth Amendment requires proof of all three *Gingles* preconditions. *Johnson v. DeSoto County Bd. of Comm'rs*, 204 F.3d 1335, 1344-1345 (2000). The Eleventh Circuit has held that the effects evidence required under the Constitution and Sec. 2 is essentially the same:

> As an initial matter, we doubt that any plaintiff, . . . can establish a constitutional vote dilution claim where his section 2 claim has failed. Plaintiffs say that, after a claimant has proved discriminatory intent, he need only produce minimal evidence of injury resulting from the challenged electoral scheme to prevail under the Constitution. But, the Supreme Court, historically, has articulated the same general standard, governing the proof of injury, in both section 2 and constitutional vote dilution cases.

*Johnson*, 204 F.3d at 1344. Even after proof of discriminatory intent, the court in *Johnson* held that:

> to satisfy section 2's standard in a vote dilution case, plaintiffs must show (at a minimum) that: (1) 'the minority group . . . is sufficiently large and geographically compact to constitute a majority in a single-member district;' (2) the minority group is politically cohesive; and (3) the white majority votes as a bloc sufficiently to defeat the minority group's preferred candidates.

*Johnson*, 204 F.3d at 1338 (quoting *Thornburg v. Gingles,* 478 U.S. 30, 50-51 (1986). "And, even if the [statutory and constitutional] standards are not

completely identical in application, we know that section 2 was intended to be more permissive than the constitutional standard." *Johnson*, 204 F.3d at 1344. "[T]o establish a constitutional vote dilution claim, Plaintiffs must show that: (1) the [jurisdiction's minority] population lacks an equal opportunity to participate in the political process and elect candidates of its choice; (2) this inequality of opportunity results from the . . . voting scheme; and (3) a racially discriminatory purpose underlies the [ ] voting scheme." *Id*. at 1345.  Again, in *Johnson* the Eleventh Circuit affirmed a judgment for the Defendants where the Court accepted that Plaintiffs had proven discriminatory intent, but failed to show the minority population was sufficiently large to constitute a majority in a single-member district because that amounted to a failure to "show that the inequality of opportunity *results from* the [ ] current electoral system." *Id.* (emphasis added). Plaintiffs have not cited any Supreme Court or Eleventh Circuit precedent to the contrary.[2]  Nor is it sufficient that Plaintiffs have claimed that additional African-American districts could have been created in what they describe as the "metropolitan Atlanta area."  As noted above, H.B. 566 did not redistrict the "metropolitan Atlanta area."  Plaintiffs' intent claim should therefore be dismissed.

---

[2] Plaintiffs' attempt to distinguish their claim from that brought by the NAACP Plaintiffs by the addition of a Fifteenth Amendment claim is unavailing.  Doc. 55 at 9 n.4.  The Plaintiffs in *Johnson v. DeSoto* had also asserted both Fourteenth and Fifteenth amendment claims.  204 F.3d 1335, 1344 (11th Cir. 2000).

### III.     Plaintiffs Have Failed to Sufficiently Allege a Sec. 2 Effects Claim.

None of the Plaintiffs has sufficiently alleged a Sec. 2 claim regarding H.B. 566.  As noted above in the discussion regarding standing, H.B. 566 made changes to only 17 of the State's 180 House Districts.  *See* Doc. 47-2.  Plaintiffs' second count asserts a Sec. 2 challenge against H.B. 566, yet Plaintiffs do not allege that additional majority African-American districts could have been created within those counties actually modified by H.B. 566.[3]  Plaintiffs contend that they need not include allegations about the districts that were actually part of H.B. 566 because their challenge is to the statewide redistricting plan, not just H.B. 566.  Doc. 55 at 16-17.  However, as noted above, their claim is that:

> *H.B. 566* violates the results prong of Section 2 of the Voting Rights Act.

Doc. 20 at 38 (Count II) (emphasis added).  The changes in H.B. 566 are not legally interchangeable with the current statewide redistricting plan that was adopted in 2011, which was amended in both 2012 and 2015.  Plaintiffs argue that Sec. 2 plaintiffs may challenge Georgia's House Districts as they currently exist.  Doc. 55 at 15.  Defendant does not argue otherwise; only that Plaintiffs have failed

---

[3] Unlike the NAACP Plaintiffs, the Thompson Plaintiffs are not proceeding on a theory that a coalition district could be drawn.  If they were, they would be required to also assert political cohesion by the coalition voters and a white bloc voting majority that usually defeats the candidates of choice of the coalition.  *See Cooper v. Harris*, ___ U.S. ___, 197 L.Ed. 2d 837, 854 (2017).

7

to do so here.  If Plaintiffs want to bring a 2017 challenge the 2011 redistricting plan they should attempt to amend their complaint to do so.

Even if this Court accepts Plaintiffs' allegations that additional majority African-American districts could be created in the metro Atlanta area as sufficient to establish the first *Gingles* precondition, Plaintiffs' discriminatory effects claim still fails.  As Defendant noted in his initial brief, African-Americans in the metro Atlanta area make up a majority of the voting age population in state house districts roughly proportional to the African-American share of the population in the metro Atlanta area.  *See* Doc. 47-1 at 15-17.  Plaintiffs in turn argue that in addition to the three *Gingles* factors the Amended Complaint sets out sufficient allegations of the senate factors that Courts are to assess under the totality of circumstances.  Doc. 55 at 18-20.  However, the Plaintiffs in *Johnson v. DeGrandy*, 512 U.S. 997 (1994) had also provided evidence of the senate factors. 512 U.S. at 1013.  The Supreme Court nonetheless held that as a matter of law:

> Treating equal political opportunity as the focus of the enquiry, we do not see how these district lines, apparently providing political effectiveness in proportion to voting-age numbers, deny equal political opportunity.

*DeGrandy*, 512 U.S. at 1014.  Here, Plaintiffs have failed to allege facts to support a conclusion of the denial of equal political opportunity in the context of a district

map that provides Plaintiffs with "political effectiveness in proportion to voting-age numbers" in the population. *Id.*

## CONCLUSION

For the foregoing reasons, Defendant prays that his Motion to Dismiss be granted and the first and second count of Plaintiffs' Complaint be dismissed.

Respectfully submitted,

CHRISTOPHER M. CARR
Attorney General            112505

ANNETTE M. COWART     191199
Deputy Attorney General

RUSSELL D. WILLARD   760280
Senior Assistant Attorney General

/s/Cristina Correia
CRISTINA CORREIA       188620
Assistant Attorney General
40 Capitol Square SW
Atlanta, GA  30334
correia@law.ga.gov
404-656-7063
404-651-9325

/s/ Frank B. Strickland
Frank B. Strickland
Special Assistant Attorney General
Georgia Bar No. 687600
fbs@sbllaw.net
John J. Park, Jr.
Georgia Bar No. 547812
jjp@sbllaw.net

Barclay S. Hendrix
Georgia Bar No. 917852
Barclay.hendrix@sbllaw.com
STRICKLAND BROCKINGTON
LEWIS LLP
Midtown Proscenium Suite 2200
1170 Peachtree Street NE
Atlanta, Georgia 30309
678-347-2200 (telephone)
678-347-2210 (facsimile)

Attorneys for Defendant

## CERTIFICATE OF COMPLIANCE

I hereby certify that the forgoing Defendants' Brief in Support of Motion to Dismiss was prepared in 14-point Times New Roman in compliance with Local Rules 5.1(C) and 7.1(D).

## CERTIFICATE OF SERVICE

I hereby certify that on this date I have electronically filed the foregoing **DEFENDANT'S REPLY BRIEF IN SUPPORT OF PARTIAL MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

This 11th day of December, 2017.

        /s/ Cristina Correia
        Assistant Attorney General