# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| NAACP, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE NO.: |
| | ) | 1:17-CV-1427-TCB-WSD-BBM |
| v. | ) | |
| | ) | |
| BRIAN KEMP, in his official capacity as Secretary of State of the State of Georgia, | ) ) ) | CONSOLIDATED CASES |
| | ) | |
| Defendant. | ) | |
| | | |
| AUSTIN THOMPSON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN KEMP, in his official capacity as Secretary of State of the State of Georgia, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RULE 26(a)(2) EXPERT DISCLOSURES**

In compliance with FED. R. CIV. P. 26(a)(2) and this Court's scheduling order, Defendant designates the following individuals who may be used at trial to present expert testimony:

1)     Dr. John R. Alford
        203 Herzstein Hall
        Rice University

1

  713-348-3364
  John.R.Alford@rice.edu

  Pursuant to agreement of counsel, Defendant has filed a Consent Motion to extend the time for filing Dr. Alford's report to January 31, 2018. (ECF 79).

2)  Gina Harbin Wright
  Executive Director
  Legislative and Congressional Reapportionment Office
  Georgia General Assembly
  18 Capitol Square, Suite 407
  Coverdell Legislative Office Building
  Atlanta, Georgia 30334
  404-656-5063

  Pursuant to Rule 26(a)(2)(C), Fed. R. Civ. Proc., Defendant hereby discloses that Ms. Wright is expected to present expert testimony regarding both the boundaries of House Districts 105 and 111 and the racial make-up of those districts. A copy of the census data, by race, for the changes made to each district is attached hereto as Exhibits 1 and 2.[1] A copy of the political data, which includes estimates for any split precinct, for HD 105 and HD 111 are attached hereto as

---

[1] The first page of Exhibit 1 includes population and voting age population breakdown for that part of the Lawrenceville M precinct that was moved out of HD 105. The second page of Exhibit 1 includes the population and voting age population breakdown for that part of the Harbins A, Harbins C, and Lawrenceville D precincts that were added to HD 105. The first two pages of Exhibit 2 include the population and voting age population breakdowns for those parts of the Stagecoach, Stockbridge West, McDonough Central, Mount Carmel, and North Hampton precincts that were moved out of HD 111. The third and fourth pages include the population and voting age population breakdowns for those parts of the Flippen, Hickory Flat, McDough, McDonough Central, Grove Park, and Tussahaw precincts that were added to HD 111.

Exhibits 3 and 4.  Maps of HD 105 and HD 111, showing both the 2012 and 2015 boundaries, are attached hereto as Exhibit 5.  Finally, maps of HD 105 and HD 111 with the current (2015) boundaries and also indicating precinct boundaries, is attached hereto as Exhibit 6.

Ms. Wright is expected to testify regarding the redistricting criteria she considered in drafting house districts 105 and 111, and she is expected to testify that race was not used as the predominant factor in creating these districts.  The redistricting criteria used by Wright was outlined in her deposition testimony and summarized as follows:

> All redistricting that we ever do is to comply with all state and federal law, which would include the Voting Rights Act.  It would also include criterial such as contiguity, compactness, keeping counties/precincts whole as much as possible, communities of interest, if that's something that we can take into account.  Further down would be incumbency.  Those types of issues are always kind of at the - - on the list but lower down.

Wright Depo, p. 21 lns. 2-12.  Ms. Wright is expected to testify further regarding Georgia's traditional redistricting criteria and that the boundaries for HD 105 and HD 111 are consistent with Georgia's traditional redistricting criteria.  Wright is expected to testify that in her opinion splitting municipal boundaries between legislative districts is *not* inconsistent with Georgia's traditional redistricting criteria.

Ms. Wright is further expected to testify regarding the use of U.S. Census PL 94-171 data and the racial data used by her office in drafting plans, both in relation to current and past redistricting plans.  Wright is also expected to provide testimony describing the racial categories that are included within the "other" racial category in the census data, particularly the inclusion of persons that fail to identify *any* race and those that mark multiple racial categories.  Wright is also expected to testify regarding the use of the American Community Survey (ACS) data by Plaintiffs' expert to estimate citizenship population for a geographic unit.  Ms. Wright is expected to testify that the ACS data is premised on a random sampling of population within a county and that such a sampling may not be a reliable predictor of actual citizenship data for either the county as a whole or any geographic subset of that county.  Wright is expected to testify further that the Legislative and Congressional Reapportionment Office does not use the ACS data as a predictor for citizenship.

Wright is expected to testify that in her opinion the 2015 revisions to Georgia House Districts 105 and 111 did not use race as a predominant factor.  In fact, consistent with her deposition testimony, Wright is expected to testify that she relied primarily on political data, such as candidate performance in past elections, to make the changes embodied in HB 566, including the changes to HD's 105 and 111.

Wright is expected to testify that her opinions are based on both her knowledge of the factors actually considered in the 2015 revisions to Georgia House Districts 105 and 111, and her knowledge of Georgia's traditional redistricting criteria together with her education and experience.

Defendant reserves the right to supplement these expert disclosures in accordance with the Federal Rules of Civil Procedure, orders of the Court, and agreement of the Parties.

        Respectfully submitted,

        CHRISTOPHER M. CARR
        Attorney General      112505

        ANNETTE M. COWART   191199
        Deputy Attorney General

        RUSSELL D. WILLARD   760280
        Senior Assistant Attorney General

        /s/Cristina Correia
        CRISTINA CORREIA   188620
        Assistant Attorney General
        40 Capitol Square SW
        Atlanta, GA  30334
        correia@law.ga.gov
        404-656-7063
        404-651-9325

        /s/ Frank B. Strickland
        Frank B. Strickland
        Special Assistant Attorney General
        Georgia Bar No. 687600
        fbs@sbllaw.net
        John J. Park, Jr.

Georgia Bar No. 547812
jjp@sbllaw.net
Barclay S. Hendrix
Georgia Bar No. 917852
Barclay.hendrix@sbllaw.com
STRICKLAND BROCKINGTON LEWIS LLP
Midtown Proscenium Suite 2200
1170 Peachtree Street NE
Atlanta, Georgia 30309
678-347-2200 (telephone)
678-347-2210 (facsimile)

Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I have electronically filed the foregoing **DEFENDANT'S EXPERT WITNESS DISCLOSURES** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

This 24th day of January, 2018.

                                         /s/ Cristina Correia
                                         Assistant Attorney General