# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **GEORGIA STATE CONFERENCE OF THE NAACP**, as an organization; et al., <br><br> Plaintiffs, <br><br> v. <br><br> **STATE OF GEORGIA; et al.,** <br><br> Defendants. | 1:17-cv-1427-TCB-MLB-BBM |

## MEMORANDUM OPINION AND ORDER

Before MARTIN, Circuit Judge, and BROWN and BATTEN, District Judges.

BATTEN, District Judge:

In this action, the Georgia State Conference of the NAACP and certain black voters[1] challenge the 2015 redistricting of Georgia House of Representatives Districts 105 and 111. Plaintiffs say these Districts resulted from unconstitutional gerrymandering based on the race of voters. [1] ¶¶ 1–4, 20–25.

---

[1] The individual Plaintiffs are Lavelle Lemon, Marlon Reid, Lauretha Celeste Sims, Patricia Smith, Coley Tyson, Austin Thompson, Darryl Payton, Audra Cunningham, Sabrina McKenzie, Jamida Orange, Andrea Snow, Sammy Arrey-Mbi, Lynne Anderson, and Coretta Jackson. [1] ¶¶ 21–25; [84] ¶¶ 21–30. Reid, Smith, Tyson, and Thompson live in District 105. [1] ¶¶ 22, 24, 25; [84] ¶ 21. Lemon, Sims, and Payton live in District 111. [1] ¶¶ 21, 23; [84] ¶ 23.

Plaintiffs have filed motions [171, 172] for leave to amend their complaints to add claims for partisan gerrymandering. After careful review, we hold that Plaintiffs' motions for leave to amend their complaints are to be granted, that Kemp is entitled to discovery on Plaintiffs' added claims, and that the cases will have one consolidated trial.

## I. BACKGROUND

This case comprises two distinct groups of Plaintiffs, who originally filed separate complaints. The NAACP Plaintiffs, who filed suit on April 24, 2017, asserted claims for partisan and racial gerrymandering in violation of the Constitution and Section 2 of the Voting Rights Act, 52 U.S.C. § 10301. [1]. Specifically, they brought three claims: (1) Count One, alleging that H.B. 566 was enacted with a discriminatory purpose, or an intent to dilute the vote, in violation of the Fourteenth Amendment and Section 2 of the Voting Rights Act, 52 U.S.C. § 10301; (2) Count Two, alleging that H.B. 566 creates racial gerrymandering, which violates the Fourteenth and Fifteenth Amendments; and (3) Count Three, which alleges that H.B. 566 creates partisan gerrymandering in violation of the Fourteenth Amendment right to equal protection. *Id.* On August 25, 2017, the Court dismissed Counts One and Three [28].

On October 3, 2017, the Thompson Plaintiffs filed their complaint, which initially contained three counts: (1) Count One, alleging that H.B. 566 was enacted

2

with a discriminatory purpose in violation of Section 2 and the Fourteenth and Fifteenth Amendments; (2) Count Two, alleging that H.B. 566 violated the results prong of Section 2; and (3) Count Three, alleging that the resulting districts are racial gerrymanders that violate the Fourteenth Amendment. The Thompson Plaintiffs did not bring a partisan gerrymandering claim.

Their amended complaint [84], filed on October 27, changed Count Two to allege instead that a violation was based on the failure to create an additional majority-minority district in the metropolitan Atlanta area. The Court consolidated the Thompson Plaintiffs' action with that of the NAACP Plaintiffs [46]. The Court then dismissed [122] the Thompson Plaintiffs' Count One (with respect to all the Thompson Plaintiffs) and Count Three (with respect to the Thompson Plaintiffs not residing in the challenged districts).

On February 20, 2018, the NAACP Plaintiffs filed a motion [103] for preliminary injunction, which the Court denied on June 1 [159].

Currently, three motions are pending: (1) the NAACP Plaintiffs' motion to modify the scheduling order [165]; (2) the NAACP Plaintiffs' motion to amend their complaint [171]; and (3) the Thompson Plaintiffs' motion for leave to file a second amended complaint [172]. In their proposed amended pleadings, both sets of Plaintiffs seek to add a partisan gerrymandering claim. They also seek a deadline of September 4, 2018 to file a consolidated pretrial order and any *Daubert*

motions related to the racial gerrymandering claim.

## II. MOTIONS TO AMEND

Pursuant to Federal Rule of Civil Procedure Rule 15(a)(2), "a party may amend its pleading . . . with the opposing party's written consent or the court's leave," which should be freely given "when justice so requires." "The thrust of Rule 15(a) is to allow parties to have their claims heard on the merits, and accordingly, district courts should liberally grant leave to amend when 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.'" *In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Nevertheless, a motion to amend may be denied on 'numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment.'" *Carruthers v. BSA Advert., Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004) (quoting *Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003)).

Federal Rule of Civil Procedure 15(a) provides in pertinent part, "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) . . . 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." However, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." FED.

4

R. CIV. P. 15(a)(2). Because more than twenty-one days have passed from service and Kemp has not consented to the second amended complaint, the Court's leave is necessary for Plaintiffs to amend.

Although "[t]he court should freely give leave when justice so requires," FED. R. CIV. P. 15(a)(2), leave may be denied where amendment would be futile, *Andrx Pharmaceuticals, Inc. v. Elan Corp.*, 421 F.3d 1227, 1236 (11th Cir. 2005). The Eleventh Circuit has found that "denial of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.'" *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (quoting *Halliburton & Assocs. v. Henderson, Few & Co.*, 774 F.2d 441, 444 (11th Cir. 1985)); *see also id.* at 1315 (defining futility as "inadequacy as a matter of law"). The party opposing amendment bears the burden of proving futility. *See Tims v. Golden*, No. 15-0516-WS-B, 2016 WL 1312585, at *13 (S.D. Ala. Apr. 4, 2016).

Plaintiffs seek to add a partisan gerrymandering claim under the First and Fourteenth Amendments, contending that the Supreme Court's recent decision in *Gill v. Whitford*, 138 S. Ct. 1916 (2018), renders such a claim justiciable and that recent cases provide a judicially manageable standard for its adjudication. They also contend that Kemp would not be prejudiced and that their proposed new claims are ready for trial with no additional discovery needed. Kemp opposes the motions to amend as both untimely and futile.

5

The Court concludes that the proposed partisan gerrymandering claims are not futile. Citing *Common Cause v. Rucho*, 279 F. Supp. 3d 587 (M.D.N.C.), *vacated and remanded by* 138 S. Ct. 2679 (2018), the NAACP Plaintiffs propose a "subordination and entrenchment" test for their Fourteenth Amendment claim. [171] at 8. This test would require Plaintiffs to demonstrate that the districting plan at issue "subordinate[s the interests] of one political party and entrench[es] a rival party in power." *Rucho*, 279 F. Supp. 3d at 656 (alteration in original) (quoting *Ariz. State Legislature v. Ariz. Indep. Redistricting Comm'n*, 135 S. Ct. 2652, 2658)).

Citing the dissenting opinion in *Benisek v. Lamone*, 266 F. Supp. 3d 799, 833 (D. Md. 2017) (Niemeyer, J., dissenting), they propose a standard for their First Amendment claim of demonstrating that their "electoral effectiveness was meaningfully burdened." [171] at 10.[2]

> [T]o establish the injury element of a retaliation claim, the plaintiff must show that the challenged map diluted the votes of the targeted citizens to such a degree that it resulted in a tangible and concrete adverse effect. . . . Finally, the plaintiff must allege causation—that, absent the mapmakers' intent to burden a particular group of voters by reason of their views, the concrete adverse impact would not have occurred.

*Benisek*, 266 F. Supp. 3d at 802 (alterations in original) (quoting *Shapiro v.*

---

[2] The Thompson Plaintiffs seek to bring the same claims, but propose the "subordination and entrenchment" test for both their First and Fourteenth Amendment claims. [172] at 7.

6

*McManus*, 203 F. Supp. 3d 579, 597 (D. Md. 2016)).

Although the Supreme Court has not clarified whether these or any other tests are judicially manageable for measuring the discriminatory effect, the Court concludes that the claims should proceed. Both proposed tests focus on particular injuries to the individual voter-plaintiffs rather than to a political party. The Court finds that Plaintiffs have met their burden to demonstrate that their proposed tests are judicially manageable.

Further, although Kemp challenges the Plaintiffs' proposed amendments as untimely, the Court finds the delay was excusable. Primarily, this is because Plaintiffs were awaiting the decision in *Gill* before amending. Had the Supreme Court addressed the merits of whether a political gerrymandering claim was justiciable, *Gill* would have been (and many expected it to be) determinative as to whether the claims at issue here should proceed. Therefore, although in hindsight one might fault Plaintiffs for not seeking to amend earlier, their decision in timing was not without reason.

Finally, Plaintiffs argue that these new claims are ready for trial and that no additional discovery is necessary. However, the Court does agree with Kemp that he is entitled to discovery on the added claims. Therefore, the parties will have ninety days to conduct discovery on Plaintiffs' political gerrymandering claims. Further, Kemp has indicated a desire to file a motion to dismiss in response to the

amended complaint. Any such motion will be due within sixty days of the date of this Order.

## III.  SCHEDULING ORDER

The NAACP Plaintiffs seek, and the Thompson Plaintiffs consent to, a deadline of September 4 to file a consolidated pretrial order and any *Daubert* motions related to the gerrymandering claims. This motion is filed as a motion for extension of time, but what it really seeks is to set forth an earlier trial schedule for the gerrymandering claims than that for the Section 2 claims.

This case was consolidated to benefit the Court and the parties without resulting in any prejudice or confusion of issues. Two separate trials would undo the benefits that consolidation sought to achieve. The NAACP Plaintiffs' motion is denied to the extent that it seeks multiple trial schedules. Rather, any substantive motions for all pending claims are due within thirty days of the end of discovery. The consolidated pretrial order and any *Daubert* motions are then due thirty days after resolution of dispositive motions.

## CONCLUSION

It is **ORDERED** that Plaintiffs' motions [171, 172] to amend are **GRANTED** and the NAACP Plaintiffs' motion [165] to modify the scheduling order is **DENIED**. The parties shall have ninety days from the date of this Order to conduct discovery on the added political gerrymandering claims, and Kemp shall

8

have sixty days from the date of this Order to file any motion to dismiss in response to the amended complaint. All pending claims in this case shall proceed to one consolidated trial.